UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONLYDIA JONES-WALTON,
FREDERICK HARRIS, JOHN HARRIS,
PAUL HARRIS, SR. , A.H., PAUL
HARRIS, JR. , RICHARD HARRIS, LISA
LESTER, R.H., LAMAR SIMMONS,
DEREK MCNEAL, J.H., BONIRIS
MCNEAL, CHRISTINA HARRIS, S.M.,
RICHARD HARRIS, JR. , S.M., TRACIE
AUSTIN, OCTAVIA HARRIS, JESSICA
AUSTIN, DANITICA SIMMONS, JAMES
AUSTIN, DENISE AUSTIN, BRANDON
SCOTT, RICHARD HARRIS, IV , ERIKA
BELL-SCOTT, ZELMA MILLER-
JOHNSON, MARK COOKE, T.H., M.H.,
K.H., B.H., DANIEL HARRIS, MARY
HALL, DIONNE HARRINGTON, D.E.,
D.S., D.S., L.S., J.H., DARREN HARRIS,
MARETTA HARRIS, DANIELLE HARRIS,
DENISE STRICKLAND, DARRYL
STRICKLAND, D.S., DENEEN
STRICKLAND, DENE STRICKLAND,
DAVID HARRIS, JOSHUA HARRIS,
MATTHEW HARRIS, MALCOLM
HARRIS, AMBER HARRIS, JAVON
JORDAN, ESTHER AUSTIN-HALL,
LENORE AUSTIN-FULFORD, THOMAS
FULFORD, JOHN JORDAN and EDDIE
PARKER,

     Plaintiffs,

v.                                                                  Case No:   6:15-cv-995-Orl-22TBS

VILLAS AT LAKE EVE CONDOMINIUM
ASSOCIATION, INC., LAKE EVE
RESORT CONDOMINIUM OWNERS
ASSOCIATION, INC., LE ORLANDO
OWNER, LLC, LE ORLANDO
PARTNERS, LLC, THE ARDEN GROUP,
INC., ARDEN REAL ESTATE
PARTNERS I, LP, EIGHTFOLD REAL
ESTATE CAPITAL, L.P., EIGHTFOLD LE
ORLANDO INVESTOR, LLC,

HOSTMARK HOSPITALITY GROUP,
INC., KA AND KM DEVELOPMENT INC.,
VK AND MK DEVELOPMENT INC., EVE
MANAGEMENT INC., LISA CATENA,
VINOD KALIDAS, NIRMAKSEE
KALIDAS, ARTI KALIDAS, ORANGE
COUNTY SHERIFF'S OFFICE, JERRY L.
DEMINGS, TROY PEARSON, LAURA
REEVES, JACQUELINE HAMON, JULIE
KISSANE, ROBERT LARSON,
TERRANCE MARTINEC, DARRYL
MARK HOPPER, SHARON KOSMIDIS,
THOMAS LIN, PAUL
HOLLINGSWORTH, BRENT BAGSHAW,
KIMBERLY SMITH, TODD BUTLER and
JOHN DOES 1-10,

        Defendants.

_____

## REPORT AND REOMMENDATION

This case comes before the Court on Defendant Lake Eve Resort Condominium

Owners Association, Inc.'s Motion to Set Aside Clerk's Default (Doc. 101).

According to the motion, Plaintiffs oppose the relief sought (Id., at 6).   But, they

have not filed a response and the time within to do so has elapsed.   Accordingly, the

Court may construe the motion as being unopposed.   United States v. Nguyen, No. 8:13-

cv-1538-T-24AEP, 2013 WL 4520931, at * 1 (M.D. Fla. Aug. 26, 2013); Gilchrist v.

CitiFinancial Servs., Inc., No. 6:06-cv-1727-Orl-31KRS, 2007 WL 177821, at * 1 (M.D.

Fla. Jan. 19, 2007).

Plaintiffs filed this action on June 17, 2015 against 33 defendants, including

Defendants Lake Eve Resort Condominium Owners Association, Inc. ("Lake Eve"), and

Bluegreen Corporation ("Bluegreen").   Later, Plaintiffs voluntarily dismissed their claims

against Bluegreen (Docs. 1, ¶ 94; 17; 27).   Plaintiffs' summons and complaint were

served on Lake Eve by serving its registered agent on August 25, 2015 (Doc. 56).   The

registered agent transmitted the summons and complaint to Bluegreen and "the matter was referred to Risk Management for a determination of coverage and assignment of counsel." (Id. at p. 9).   Lake Eve has not explained who or what Risk Management is or how it is related to Lake Eve and Bluegreen.   It is also not clear what relationship Lake Eve has with Bluegreen.   All that has been disclosed is that Kim Fries, the Senior Manager for Association Governance and Resorts Management at Bluegreen, is "involved in association management for associations affiliated with timeshare properties in Florida," including Lake Eve (Doc. 101, p. 8).   Lake Eve represents that "[t]hrough inadvertence, Risk Management deferred the selection of counsel to Bluegreen and Bluegreen believed that counsel would be assigned through Risk Management." (Id.).   When Lake Eve received Plaintiffs' motion for default, it engaged counsel to defend the case (Id. at ¶ 6).

A clerk's default was entered against Lake Eve on September 23, 2015 (Doc. 90).   The pending motion was filed on October 6, 2015 (Doc. 101).   Lake Eve alleges that its failure to timely respond to the complaint was not willful (Id. at ¶ 7).   It also alleges that it was not formed until two years after the incidents complained of and therefore, has a meritorious defense (Id. at ¶ 10).   Lake Eve has attached its proposed answer and affirmative defenses to its motion (Id. at p. 11).

The Eleventh Circuit has articulated a strong policy in favor of resolving cases on the merits and views defaults with disfavor.   See e.g. In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).   This Court has discretion to vacate a clerk's default if the moving party demonstrates "good cause." FED. R. CIV. P. 55(c).   "Good cause [under Rule 55(c)] is a mutable standard, varying from situation to situation.   It is also a liberal one–but not so elastic as to be devoid of substance." Compania

Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)).   Factors which courts consider in deciding whether to set aside a default include: (1) whether the moving party has offered a plausible explanation of the reasons for its default; (2) whether the default was culpable or willful; (3) whether the moving party has acted promptly to vacate the default; (4) whether the moving party is asserting a meritorious defense; (5) whether the public interest is implicated; (6) whether there has been significant financial loss to the defaulting party; and (7) whether the non-moving party will be prejudiced by the setting aside of the default.   Compania Interamericana Export-Import, S.A., 88 F.3d at 951; Turner Broad. Sys., Inc. v. Sanyo Elec., Inc., 33 B.R. 996, 1001 (N.D. Ga., Sept. 30, 1983).

Lake Eve's failure to provide basic information about Bluegreen and Risk Management makes it difficult to evaluate the plausibility of Lake Eve's explanation why it failed to timely respond to the complaint.   Still, there is no evidence of culpability or willfulness on the part of Lake Eve, and it has acted promptly to vacate the default.   I am unaware of any public interest that is implicated by the default or the motion.   I am also unaware of any significant financial loss that Lake Eve has incurred as a consequence of the default.   If, as Lake Eve claims, it did not come into existence until well after the acts complained of, then it appears to have a meritorious defense.   The case is still at the pleading stage and there is no evidence of unfair prejudice to Plaintiffs if the motion is granted.   After considering these factors, and the Eleventh Circuit's strong policy that cases should be decided on the merits, I **RESPECTFULLY RECOMMEND** that:

(1) Lake Eve's motion be **granted**;

(2) The Clerk's default be **set aside**; and

(3) Lake Eve be allowed two business days to **file** its answer and affirmative defenses as a separate docket entry.

Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation.   A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of the issuance of the report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on October 27, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties