## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
#### ORLANDO DIVISION

BONLYDIA JONES-WALTON,
FREDERICK HARRIS, JOHN HARRIS,
PAUL HARRIS, SR. , A.H., PAUL
HARRIS, JR. , RICHARD HARRIS,
LISA LESTER, R.H., LAMAR
SIMMONS, DEREK MCNEAL, J.H.,
BONIRIS MCNEAL, CHRISTINA
HARRIS, S.M., RICHARD HARRIS, JR.
, S.M., TRACIE AUSTIN, OCTAVIA
HARRIS, JESSICA AUSTIN,
DANITICA SIMMONS, JAMES
AUSTIN, DENISE AUSTIN, BRANDON
SCOTT, RICHARD HARRIS, IV ,
ERIKA BELL-SCOTT, ZELMA
MILLER-JOHNSON, MARK COOKE,
T.H., M.H., K.H., B.H., DANIEL
HARRIS, MARY HALL, DIONNE
HARRINGTON, D.E., D.S., D.S., L.S.,
J.H., DARREN HARRIS, MARETTA
HARRIS, DANIELLE HARRIS, DENISE
STRICKLAND, DARRYL
STRICKLAND, D.S., DENEEN
STRICKLAND, DENE STRICKLAND,
DAVID HARRIS, JOSHUA HARRIS,
MATTHEW HARRIS, MALCOLM
HARRIS, AMBER HARRIS, JAVON
JORDAN, ESTHER AUSTIN-HALL,
LENORE AUSTIN-FULFORD,
THOMAS FULFORD, JOHN JORDAN
and EDDIE PARKER,

     **Plaintiffs,**

v.            **Case No:   6:15-cv-995-Orl-22TBS**

VILLAS AT LAKE EVE
CONDOMINIUM ASSOCIATION, INC.,
LAKE EVE RESORT CONDOMINIUM
OWNERS ASSOCIATION, INC., LE
ORLANDO OWNER, LLC, LE
ORLANDO PARTNERS, LLC, THE
ARDEN GROUP, INC., ARDEN REAL

**ESTATE PARTNERS I, LP,
EIGHTFOLD REAL ESTATE
CAPITAL, L.P., EIGHTFOLD LE
ORLANDO INVESTOR, LLC,
HOSTMARK HOSPITALITY GROUP,
INC., KA AND KM DEVELOPMENT
INC., VK AND MK DEVELOPMENT
INC., EVE MANAGEMENT INC., LISA
CATENA, VINOD KALIDAS,
NIRMAKSEE KALIDAS, ARTI
KALIDAS, JERRY L. DEMINGS, TROY
PEARSON, LAURA REEVES,
JACQUELINE HAMON, JULIE
KISSANE, ROBERT LARSON,
TERRANCE MARTINEC, DARRYL
MARK HOPPER, SHARON KOSMIDIS,
THOMAS LIN, PAUL
HOLLINGSWORTH, BRENT
BAGSHAW, KIMBERLY SMITH,
TODD BUTLER and JOHN DOES 1-10,**

                    **Defendants.**

---

## ORDER

This cause comes before the Court on Defendants' multiple motions to dismiss Plaintiffs'

Amended Complaint. (Doc. Nos. 141, 144, 145, 146, 149). Plaintiffs responded in opposition to

each motion. (Doc. Nos. 150, 151, 152, 153, 154). Additionally, Defendants move to strike

portions of the Complaint under Federal Rule of Civil Procedure 12(f). (Doc. Nos. 141, 144, 145,

146). For the reasons that follow, the Court will grant Defendants' motions to dismiss.

This lawsuit arises out of the alleged discriminatory eviction of fifty-nine members of a

large African American family ("Plaintiffs") from the Lake Eve Resort ("Resort") in Orlando,

Florida on June 22, 2011. (Amended Compl. (Doc. No. 140) ¶¶ 1–7). The facts of this case appear

in greater detail in this Court's Order granting Defendants' motions to dismiss Plaintiffs' first

complaint. (Doc. No. 139). The factual allegations in the Amended Complaint are largely the same

as Plaintiff's first complaint. In June 2011, Plaintiffs traveled to the Resort for a family reunion where they allege they were wrongfully evicted because of their race. (Amended Compl. ¶ 3). Plaintiffs bring this lawsuit against multiple groups of Defendants: various owners of the Resort at the time of the incident, subsequent purchasers of the Resort, Sheriff's Deputies that assisted in the eviction ("Sheriff Defendants"), and the Orange County Sheriff in his official capacity. (*Id.* ¶¶ 74–94). Plaintiffs' Amended Complaint alleges the following causes of action: intentional discrimination in violation of 42 U.S.C. § 1981 (Count I); conspiracy to discriminate in violation of 42 U.S.C. § 1985(3) (Count II); breach of contract (Count III); violations of 42 U.S.C. § 1983 on Fourth and Fourteenth Amendment grounds (Count IV); custom, policy, or practice causing constitutional violations under 42 U.S.C. § 1983 (Count V); and intentional infliction of emotional distress (Count VI). (*Id.* at pp. 23–31). In each motion to dismiss, Defendants argue that Plaintiffs Amended Complaint should be dismissed because it violates Federal Rule of Civil Procedure 8 by impermissibly lumping Defendants together, and it consists of vague and conclusory allegations. (Doc. Nos. 141, 144, 145, 146, 149).

## I.    LEGAL STANDARD AND ANALYSIS

For purposes of deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court accepts as true the factual allegations in the complaint and draws all reasonable inferences in the light most favorable to the plaintiff. *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010). "Generally, under the Federal Rules of Civil Procedure, a complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). However, the plaintiff's complaint must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Twombly*, 550 U.S. at 556). Thus, the Court is not required to accept as true a legal conclusion merely because it is labeled a "factual allegation" in the complaint; it must also meet the threshold inquiry of facial plausibility. *Id.*

On March 10, 2016, the Court dismissed Plaintiffs' first complaint because it was a shotgun pleading in violation of Rule 8(a). The Court emphasized that Plaintiffs' first complaint impermissibly lumped Defendants together and re-alleged all factual allegations into each count. (Doc. No. 139 at pp. 7–8). Plaintiffs' Amended Complaint fails to remedy these deficiencies. Throughout the Amended Complaint, Plaintiffs continue to lump Defendants together by vaguely referring to the Resort by means of its employees, owners, directors, and managers without distinguishing individual Defendants' conduct. (Amended Compl. ¶¶ 174, 175, 179). The Sheriff Defendants are similarly grouped. (*See id*. ¶¶ 183, 186, 192–196). Plaintiffs have sued thirteen individuals as Sheriff Defendants but never provide individual allegations to distinguish their conduct in violating Plaintiffs' constitutional rights. Due to this, the Court finds that the allegations in the Amended Complaint do not adequately put Defendants on notice of the claims against them.

Additionally, the Amended Complaint now violates Federal Rule of Civil Procedure 10(b) because it only vaguely mentions previous allegations by referring to entire counts or using ambiguous language. For example, the Amended Complaint uses phrases such as "as discussed in greater detail above," "as just described," and "described above in Count 2" to refer to facts alleged earlier in the Complaint. (Amended Compl. ¶¶ 175, 181, 194). Rule 10(b) provides that "a later pleading may refer by number to a paragraph in an earlier pleading." Fed. R. Civ. P. 10(b). Thus,

Plaintiffs must specifically re-allege relevant factual allegations in each count by referring to a particular paragraph.

The Court went to great lengths in its prior Order to outline a number of additional pleading deficiencies identified by Defendants as grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Plaintiffs fail to remedy most of these pleading deficiencies in their Amended Complaint. Specifically, the Court emphasized that a claim under 42 U.S.C. § 1981 requires Plaintiffs to allege specific facts establishing the personal involvement of *each Defendant* by showing an "affirmative link" connecting each Defendant with discriminatory action. (Doc. No. 139 at p. 11). Additionally, Plaintiffs' federal claims against the Sheriff Defendants continue to lack a requisite factual basis and amount to no more than mere conclusory statements of a conspiracy and intent to discriminate.

Lastly, the Court will grant Defendants' motions to strike those portions of the Complaint that refer to the Florida Commission on Human Relations' ("Commission") investigation into this matter. (*See* Doc. No. 141 at p. 12). Pursuant to Rule 12(f), the Court may strike any portion of a Complaint that is "redundant, immaterial, impertinent, or scandalous." Fed. R. Civ. P. 12(f). The Court finds that the Commission's investigation and subsequent findings are not relevant at the pleading stage and are not appropriately included in Plaintiffs' complaint. To the extent that Plaintiffs seek to admit the findings of the Commission into evidence, the Court may consider it in a motion *in limine* filed at an appropriate time. To the extent Defendants move to strike Plaintiffs' claim for punitive damages, this motion will be denied. The Florida procedure for pleading punitive damages is not applicable to federal claims. The Eleventh Circuit made clear that "Florida Statute § 768.72 conflicts with and must yield to the short and plain statement rule

contained in Federal Rule of Civil Procedure 8(a)." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir. 2000).

## II.   CONCLUSION

Based on the foregoing, it is ordered as follows:

1. Defendants' Motion to Dismiss and Motion to Strike (Doc. No. 141), filed on April 4, 2016, is **GRANTED in part** and **DENIED in part**. The Motion to Dismiss the Amended Complaint is **GRANTED**. The Motion to Strike is **GRANTED** as to the references to the Commission's findings. The Motion to Strike is **DENIED** as to punitive damages.

2. Defendants' Motion to Dismiss and Motion to Strike (Doc. No. 144), filed on April 7, 2016, is **GRANTED in part** and **DENIED in part**. The Motion to Dismiss the Amended Complaint is **GRANTED**. The Motion to Strike punitive damages is **DENIED**.

3. Defendants' Motion to Dismiss and Motion to Strike (Doc. No. 145), filed on April 7, 2016, is **GRANTED in part** and **DENIED in part**. The Motion to Dismiss the Amended Complaint is **GRANTED**. The Motion to Strike is **GRANTED** as to the references to the Commission's findings. The Motion to Strike punitive damages is **DENIED**.

4. Defendants' Motion to Dismiss and Motion to Strike (Doc. No. 146), filed on April 7, 2016, is **GRANTED in part** and **DENIED in part**. The Motion to Dismiss the Amended Complaint is **GRANTED**. The Motion to Strike punitive damages is **DENIED**.

5. Defendants' Motion to Dismiss (Doc. No. 149), filed on April 12, 2016, is **GRANTED**.

- 7 -

6. Plaintiffs' Amended Complaint (Doc. No. 140), filed on March 24, 2016, is **DISMISSED without prejudice**.

7. The Court grants Plaintiffs one more opportunity to amend their Complaint to allege a specific factual basis for relief against each Defendant in accordance with this Order. Failure to do so will result in dismissal and the case file being closed.

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on May 20, 2016.

ANNE C. CONWAY
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties