UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONLYDIA JONES-WALTON,
FREDERICK HARRIS, JOHN HARRIS,
PAUL HARRIS, SR. , A.H., PAUL
HARRIS, JR. , RICHARD HARRIS, LISA
LESTER, R.H., LAMAR SIMMONS,
DEREK MCNEAL, J.H., BONIRIS
MCNEAL, CHRISTINA HARRIS, S.M.,
RICHARD HARRIS, JR. , S.M., TRACIE
AUSTIN, OCTAVIA HARRIS, JESSICA
AUSTIN, DANITICA SIMMONS, JAMES
AUSTIN, DENISE AUSTIN, BRANDON
SCOTT, RICHARD HARRIS, IV , ERIKA
BELL-SCOTT, ZELMA MILLER-
JOHNSON, MARK COOKE, T.H., M.H.,
K.H., B.H., DANIEL HARRIS, MARY
HALL, DIONNE HARRINGTON, D.E.,
D.S., D.S., L.S., J.H., DARREN HARRIS,
MARETTA HARRIS, DANIELLE HARRIS,
DENISE STRICKLAND, DARRYL
STRICKLAND, D.S., DENEEN
STRICKLAND, DENE STRICKLAND,
DAVID HARRIS, JOSHUA HARRIS,
MATTHEW HARRIS, MALCOLM
HARRIS, AMBER HARRIS, JAVON
JORDAN, ESTHER AUSTIN-HALL,
LENORE AUSTIN-FULFORD, THOMAS
FULFORD, JOHN JORDAN and EDDIE
PARKER,

    Plaintiffs,

v.                                                                                          Case No:   6:15-cv-995-Orl-22TBS

VILLAS AT LAKE EVE CONDOMINIUM
ASSOCIATION, INC., KA AND KM
DEVELOPMENT INC., VK AND MK
DEVELOPMENT INC., EVE
MANAGEMENT INC., LISA CATENA,
VINOD KALIDAS, TROY PEARSON,
LAURA REEVES, ROBERT LARSON,
TERRANCE MARTINEC, DARRYL
MARK HOPPER, THOMAS LIN, PAUL

HOLLINGSWORTH, BRENT BAGSHAW,
TODD BUTLER and JOHN DOES 1-10,

    Defendants.

## ORDER

    This case comes before the Court on Defendants, Troy Pearson, Laura Reeves, Robert Larson, Terrance Martinec, Darryl Mark Hopper, Thomas Lin, Paul Hollingsworth, Brent Bagshaw, and Todd Butler's Motion to Enlarge Number of Depositions (Doc. 172). Defendants, Villas at Lake Eve Condominium Association, Inc., KA and KM Development, Inc., VK and MK Development, Inc., Eve Management, Inc., Vinod Kalidas and Lisa Catena have joined in the motion (Doc. 176). Plaintiffs oppose the motion (Doc. 175).

    Plaintiffs are members of a large, extended African-American family which convenes annually for a weeklong reunion (Doc. 158, ¶¶ 112-13). Their 2011 reunion was scheduled to take place at the Lake Eve Resort in Orlando, Florida (Id., ¶ 114). Plaintiffs allege that 59 members of their family were evicted from the resort based on their race (Id., ¶¶ 244-45). The managers/owners of the resort summoned the Orange County Sheriff's Department to assist in the eviction (Id., ¶ 175). Plaintiffs allege that the deputies who responded were rude and hostile toward them (Id., ¶ 233). Now, Plaintiffs seek relief for violations of their right to equal protection, regardless of race, as secured and guaranteed by 42 U.S.C. §§ 1981, 1983 and 1985, the Fourth and Fourteenth Amendments to the United States Constitution, and the laws of the state of Florida (Id., at 2). Count I of their complaint alleges intentional discrimination based on race in violation of 42 U.S.C. § 1981 (Id., ¶¶ 110-60). Count II is an action for conspiracy to discriminate under 42 U.S.C. § 1985(3) (Id., ¶¶ 161-254). Count III alleges that Plaintiffs had advance reservations to stay at the resort, which reservations constituted valid and enforceable

contracts (Id., ¶¶ 258-59). They claim that certain Defendants, on the basis of race, breached those contracts by cancelling Plaintiffs' reservations (Id., ¶¶ 255-62). Count IV alleges that the deputy sheriffs who responded to the scene violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the Constitution (Id., ¶¶ 263-333). Count V alleges that the Sheriff of Orange County, Florida, out of deliberate indifference or unofficial custom and policy, failed to adequately train or supervise his deputies as to applicable anti-discrimination laws and what constitutes unlawful discriminatory conduct (Id., ¶ 408). Plaintiffs claim that the Sheriff's actions were the direct, proximate and foreseeable cause of the wrongs they suffered (Id., ¶¶ 334-413). Count VI is an action for intentional infliction of emotional distress (Id., ¶¶ 413-502).

In their case management report the parties agreed that Plaintiffs and Defendants should be permitted to take 100 depositions per side, and that in the future, they might seek leave of Court to take additional depositions (Doc. 130 at 12). The Court's case management and scheduling order restricts the parties to 10 depositions per side (Doc. 134 at 4). Now, Defendants argue that the parties should be allowed to take up to 80 depositions per side (Doc. 172, ¶ 5). As grounds, they say that after children under the age of four are eliminated, 53 Plaintiffs remain to be deposed (Id., ¶ 4). Each Plaintiff is claiming non-economic, mental health related damages and therefore, it is foreseeable that there will be treating healthcare providers whose depositions will need to be taken (Id.). And, each Plaintiff will need to be deposed concerning their separate breach of contract action (Doc. 176 at 3).

Plaintiffs argue that Defendants have not addressed the issue of proportionality in their motion and therefore, have failed to meet their burden under Fed. R. Civ. P. 26(b)(1) (Doc. 175 at 1). They also argue that Defendants' motion is premature as no depositions

have been taken (Id., at 1-2). They suggest it would be more efficient to wait until the ten deposition limit has been reached and then, if necessary, address this issue (Id., at 2).

The Court's local rules provide that a movant shall, *inter alia*, include in its motion "a memorandum of legal authority in support of the request." M.D. FLA. 3.01(a). Defendants' motion does not satisfy the requirements of Rule 3.01(a). This alone is a good and sufficient reason to deny the motion.

When a party seeks leave of court to take more than the ten depositions allowed by FED.R.CIV.P. 30(a)(2)(A), the Court considers the principles set out in Rule 26(b)(2)(C):

> On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

FED. R. CIV. P. 26(b)(2)(C). Defendants have not discussed the application of these principles in their motion.

Before a motion to take additional depositions is granted, the moving party must ordinarily justify the necessity of the depositions already taken in the case. See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D. Fla. Mar. 17, 2014); AIG Centennial Ins. Co. v. O'Neill, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D. Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A), FED. R. CIV. P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court."); Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-21511-

CIV, 2010 WL 3003914 at *2 (S.D. Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D.Tex. 2001)); Bituminous Fire and Marine Ins. Corp. v. Dawson Land, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (A party seeking to exceed the presumptive number of depositions must make a "particularized showing of why the discovery is necessary.") (quoting Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999).

Some courts have denied motions to take additional depositions that were filed before the movant exhausted the ten depositions provided by Rule 30. See Cutugno v. Second Chance Jai Alai LLC, Case No. 5:11-cv-113-Oc-34PRL, 2012 U.S. Dist. LEXIS 144557 at *3 (M.D. Fla. Oct. 5, 2012) ("At best, Plaintiffs' request is premature as Plaintiffs filed their motion after only taking four depositions. Under these circumstances, the Court is unable to evaluate whether the number of needed depositions would necessarily exceed ten, whether the benefit of additional depositions would outweigh the burden or expense, and whether the desired depositions would be cumulative or duplicative.").

Defendants' motion is **DENIED without prejudice** because it is insufficient and premature.

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record