UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BONLYDIA JONES-WALTON,
FREDERICK HARRIS, JOHN HARRIS,
PAUL HARRIS, SR. , A.H., PAUL
HARRIS, JR. , RICHARD HARRIS, LISA
LESTER, R.H., LAMAR SIMMONS,
DEREK MCNEAL, J.H., BONIRIS
MCNEAL, CHRISTINA HARRIS, S.M.,
RICHARD HARRIS, JR. , S.M., TRACIE
AUSTIN, OCTAVIA HARRIS, JESSICA
AUSTIN, DANITICA SIMMONS, JAMES
AUSTIN, DENISE AUSTIN, BRANDON
SCOTT, RICHARD HARRIS, IV , ERIKA
BELL-SCOTT, ZELMA MILLER-
JOHNSON, MARK COOKE, T.H., M.H.,
K.H., B.H., DANIEL HARRIS, MARY
HALL, DIONNE HARRINGTON, D.E.,
D.S., D.S., L.S., J.H., DARREN HARRIS,
MARETTA HARRIS, DANIELLE HARRIS,
DENISE STRICKLAND, DARRYL
STRICKLAND, D.S., DENEEN
STRICKLAND, DENE STRICKLAND,
DAVID HARRIS, JOSHUA HARRIS,
MATTHEW HARRIS, MALCOLM
HARRIS, AMBER HARRIS, JAVON
JORDAN, ESTHER AUSTIN-HALL,
LENORE AUSTIN-FULFORD, THOMAS
FULFORD, JOHN JORDAN and EDDIE
PARKER,

    Plaintiffs,

v.                                                Case No:   6:15-cv-995-Orl-22TBS

VILLAS AT LAKE EVE CONDOMINIUM
ASSOCIATION, INC., KA AND KM
DEVELOPMENT INC., VK AND MK
DEVELOPMENT INC., EVE
MANAGEMENT INC., LISA CATENA,
VINOD KALIDAS, TROY PEARSON,
LAURA REEVES, ROBERT LARSON,
TERRANCE MARTINEC, DARRYL
MARK HOPPER, THOMAS LIN, PAUL

HOLLINGSWORTH, BRENT BAGSHAW,
TODD BUTLER and JOHN DOES 1-10,

    Defendants.

## ORDER

This case comes before the Court without oral argument on Defendants, Troy Pearson, Laura Reeves, Robert Larson, Terrance Martinec, Darryl Mark Hopper, Thomas Lin, Paul Hollingsworth, Brent Bagshaw and Todd Butler's Renewed Motion to Enlarge Number of Depositions (Doc. 186). Defendants, Villas at Lake Eve Condominium Association, Inc., KA and KM Development Inc., VK and MK Development, Inc., Eve Management, Inc., Vinod Kalidas and Lisa Catena have joined in the motion (Doc. 187).

Plaintiffs have not filed a response to the motion and the time within to do so has expired. When a party fails to respond, that is an indication that the motion is unopposed. Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 Fed. Appx. 432, 434 (11th Cir. 2014)[1] (citing Kramer v. Gwinnett Cty., Ga., 306 F.Supp.2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at *1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed). The Court proceeds on the basis that this motion is unopposed.

---

[1] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority." CTA11 Rule 36-2.

This case is brought by fifty-nine Plaintiffs who allege that they were wrongfully evicted from the Lake Eve Resort in Orlando, Florida based on their race (Doc. 158). The parties originally requested permission to take one hundred depositions per side (Doc. 130, ¶ 112). That request was denied, with the Court limiting the parties to ten depositions per side (Doc. 134, at 4). In September, 2016, movants requested leave to take up to eighty depositions (Doc. 172). That motion was denied because the facts offered in support of the motion were insufficient, and the motion was premature (Doc. 177).

Defendants have now taken ten depositions (Doc. 186, ¶ 7). Nine of the deponents were identified by a Plaintiff as having direct interaction with movants and the tenth was identified as possibly being involved in a dispute and/or altercation that occurred when Plaintiffs were evicted (Doc. 186, ¶ 7). Based on those depositions and other discovery, movants assert that the following persons were directly involved in, or witnessed some of the actions giving rise to Plaintiffs' claims: Mary Hall, Paul Harris, Lamar Simmons, Ester Austin-Hall,[2] James Austin, Darryl Strickland, Richard Harris, III, Richard Harris, IV, David Harris, John Jordan, Javon Jordan, Malcom Harris, Matthew Harris, Octavia Harris, and Jasmine Harris. According to movants, these persons must be deposed concerning their potential economic and non-economic damages, and concerning allegations of misconduct by movants (Doc. 186, ¶ 8). Movants represent that Plaintiffs consent to the taking of these fifteen additional depositions (Doc. 186 at 8). In addition to these depositions, movants say they will likely need to depose more Plaintiffs and Plaintiffs' experts (Id., ¶ 8). Consequently, movants argue it is reasonable to expect that they will need to take at least thirty-five additional depositions (Id., ¶ 9).

---

[2] Movants list Ester Austin-Hall twice in their motion. Assuming this is a scrivener's error, it appears that Plaintiffs have consented to fifteen additional depositions rather than the sixteen movants claim.

Federal Rule of Civil Procedure 30(a)(2) provides that a party may not take more than ten depositions absent consent of the other parties or leave of court. At least two objectives underpin this requirement. The first is "to assure judicial review under the standards stated in Rule 26(b)(2) before any side will be allowed to take more than ten depositions in a case without agreement of the other parties." Advisory Committee Note to the 1993 Amendment. The second is "to emphasize that counsel have a professional obligation to develop a mutual cost-effective plan for discovery in the case." Id.

Before additional depositions are permitted, the moving party must ordinarily justify the necessity of the depositions already taken in the case. See F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., Case No. 2:13-cv-208-FtM-38CM, 2014 WL 1047245 at *2 (M.D. Fla. Mar. 17, 2014); AIG Centennial Ins. Co. v. O'Neill, Case No. 09-60551, 2011 WL 4116555 at *16 (S.D. Fla. Oct. 18, 2010) ("Courts have construed Rule 30(a)(2)(A) FED. R. CIV. P., to require a party seeking leave of court to exceed the ten-deposition limitation to justify the necessity of each deposition *previously taken* without leave of court."); Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., Case No. 10-21511-CIV, 2010 WL 3003914 at *2 (S.D. Fla., July 29, 2010) ("[A] party seeking a court's leave to take more than ten depositions under Rule 30 'must demonstrate the necessity for each deposition she took without leave of court pursuant to the presumptive limit of Rule 30(a)(2)(A).'") (quoting Barrow v. Greenville Indep. Sch. Dist., 202 F.R.D. 480, 482 (N.D.Tex. 2001)); Bituminous Fire and Marine Ins. Corp. v. Dawson Land, No. 3:02-cv-793-J-21TEM, 2003 WL 22012201, at *1 (M.D. Fla. Feb. 13, 2003) (A party seeking to exceed the presumptive number of depositions must make a "particularized showing of why the discovery is necessary.") (quoting Archer Daniels Midland Co. v. Aon Risk

Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999). Movants have satisfied this requirement.

Published decisions also generally hold that a party seeking to take additional depositions "must make a particularized showing of why the discovery is necessary." Archer Daniels Midland Co. v. Aon Risk Services, Inc., 187 F.R.D. 578, 586 (D. Minn. 1999); F.D.I.C. v. Nason Yeager Gerson White & Lioce, P.A., 2014 WL 1047245 at *2; Bituminous Fire and Marine Ins. Corp. v. Dawson Land Dev. Co., 2003 WL 22012201, at * 1; Royal v. Bahamian Ass'n, Inc. v. QBE Ins. Corp., 2010 WL 3003914 at *2. Defendants have now identified fifteen additional witnesses by name who are either Plaintiffs or persons believed to have witnessed movants' alleged wrongdoing. Movants have also identified additional witnesses by category, i.e., additional Plaintiffs and Plaintiffs' experts. The Court finds that in this unique case, this is sufficient to satisfy the particularized showing requirement.

Now, the motion is **GRANTED**. Movants may depose the fifteen persons identified by name in this Order, and an additional twenty persons who fall into one or more of the following categories: Plaintiff, Plaintiff's expert, or persons believed to have witnessed movants' alleged illegal conduct.

**DONE** and **ORDERED** in Orlando, Florida on May 2, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record